# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| JOSE NEVAREZ | : | DOCKET NO. 2:06-cv-2305<br>Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ALBERTO GONZALES, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Jose Nevarez, pursuant to 28 U.S.C. § 2241. By this petition, petitioner seeks to challenge his January 30, 2006 conviction in the United States District Court for the Southern District of Indiana. This matter has been referred to the undersigned magistrate for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

On January 30, 2006, petitioner entered a guilty plea in the U.S. District Court for the Southern District of Indiana, and he was sentenced to 151 months for his offenses. *See USA v. Nevarez*, IP05-cr-0112 (S.D. Ind.). Petitioner filed neither an appeal nor a Motion to Vacate in the sentencing court. *Id.;* Doc. 1, p.6.

## LAW AND ANALYSIS

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and §2255 is the proper means of attacking errors that occurred during or before sentencing. *Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997). Upon review of this matter, the court finds that this action attacks the validity of the conviction and sentence entered by the court in Indiana and should have been filed as a motion to vacate sentence pursuant to 28 U.S.C. §2255.

Motions to vacate filed pursuant to §2255 should be filed in the court where the criminal

conviction and sentence were imposed. A motion to vacate sentence is ordinarily presented to the judge who presided at the original conviction and sentencing. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). 28 U.S.C. §2255 provides, in pertinent part,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the <u>court which imposed the sentence</u> to vacate, set aside or correct the sentence. (emphasis added).

Accordingly,

IT IS RECOMMENDED that this petition be reclassified as a Motion to Vacate filed pursuant to 28 U.S.C. §2255 and transferred to the United States District Court for the Southern District of Indiana.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, January 29, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE